In re Luther (NMN) RICE and Mary Elizabeth Rice, Debtors.

Luther (NMN) RICE and Mary Elizabeth Rice, Plaintiffs,

v.

UNIVERSITY OF SOUTH DAKOTA, Springfield, South Dakota Branch, U. S. Dept. of Health, Education & Welfare, and U. S. Office of Education, Denver, Colorado, and Aman Collection Service, Inc., A Corporation, Defendants.

Bankruptcy No. 480–00246.
Adv. No. 481–0018.

United States Bankruptcy Court,
D. South Dakota.

Aug. 5, 1981.

John Harmelink, Yankton, S. D., for plaintiffs.

Daniel R. Moen, McNeary & Moen, Aberdeen, S. D., for defendant Aman.

### MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Luther and Mary Elizabeth Rice, hereinafter Debtors, filed a joint petition for an order for relief in a Chapter 7 bankruptcy and were discharged. As part of Debtors' bankruptcy, they filed a complaint to determine the dischargeability of a federally insured student loan pursuant to 11 U.S.C. § 523(a)(8)(B). Debtors contend any extra monthly payments will impose an undue hardship on Debtors and their dependents.

Aman Collection Service, Inc., hereinafter Creditor, is the assignee of Debtors' student loans. In responsive pleadings, Creditor argues that Debtors' situation does not constitute undue hardship and requests this Court to dismiss Debtors' Complaint.

This Court held a trial on Debtors' Complaint and took the matter under advisement. This Bankruptcy Court makes the following Findings of Fact and Conclusions of Law based upon the pleadings and evidence presented at the trial.

### FINDINGS OF FACT

Debtors' Schedule A–3 lists $3,025.00 in student loans at three per cent interest.

Their payment is $36.00 per month. Mrs. Rice attended college for one-half semester. Mr. Rice attended college for one and one-half semesters. Debtors quit college because of a lack of money and family responsibilities. Debtors have made no effort at repayment, nor have they contacted the college regarding repayment. Most lenders of federally insured loans allow deferment or forbearance from payment for a time when a person is in a hardship situation.[1]

Debtors are married and are the parents of four minor children who are still living at home. The children are ages 17, 15, 14, and 12. Debtors' children are unemployed except for occasional babysitting jobs.

Mr. Rice is employed by Dale Electronics, Yankton, South Dakota. He works in the maintenance department, receiving a net monthly check of $740.00. Mrs. Rice is employed by the South Dakota Human Services Center, Yankton, South Dakota. She is a psychiatric aid and receives a net monthly check of $528.00. Debtors have the possibility for raises in the future. Debtors' net monthly income is $1,268.00.

Debtors' Exhibit A, offered and received into evidence, shows their monthly payments and household expenses.

## EXHIBIT A

### "MONTHLY PAYMENTS & HOUSEHOLD EXPENSES

### Luther and Mary Rice

| | |
|---|---|
| Rent | $235.00 |
| Electric Bill | 95.00 |
| Gas Bill | 33.00 |
| Water Bill | 30.00 |
| Telephone | 15.00 |
| Truck Payment | 98.00 |
| Medical Clinic | 25.00 |
| Car Insurance | 23.00 |

1. (a) The Commissioner encourages a lender under the FISLP to grant forbearance for the benefit of a borrower in order to prevent a borrower from defaulting on his or her payment obligations. "Forbearance" means permitting the temporary cessation of payments, allowing an extension of time for making payments, or accepting smaller payments than were previously scheduled. A lender may grant forbearance under paragraph (b) or (c) of his section whenever poor health or other personal problems affect the borrower's ability to make scheduled payments. If payments of interest are forborne they may be added to the principal amount of the loan obligation on the date that repayment begins or resumes or at the end of the period of forbearance.

(b) A lender may grant forbearance on terms that are consistent with the minimum annual payment requirement and the 10- and 15-year limitations on length of repayment if the lender and the borrower agree in writing to the new terms.

(c) A lender may also grant forbearance for a period of up to one year at a time on terms that are inconsistent with the minimum annual repayment requirement and the 10- and 15-year limitations on length of repayment if the lender complies with these requirements:

(1) The lender must reasonably believe that the borrower intends to repay the loan but is currently unable to make payments in accordance with the terms of the loan note. The lender shall state the basis for its belief in writing and maintain that statement in its loan file on that borrower.

(2) Both the borrower and an authorized official of the lender shall sign a written agreement of forbearance.

(3) If the agreement between the borrower and lender provides for postponement of all payments, the lender shall contact the borrower at least every 3 months during the period of forbearance in order to remind the borrower of the outstanding obligation to repay. Vol. 44, Fed.Reg. 181, Sept. 17, 1979, 177.512.

| | |
|---|---|
| Life Insurance | 47.00 |
| Gasoline (2 cars) | 120.00 |
| School Lunches (Reduced meals) | 16.00 |
| Lawyer | 50.00 |
| Groceries | 450.00 |
| TOTAL | $1237.00 |

| Net monthly income: | Luther, | 740.00 |
|---|---|---|
| | Mary, | 528.00 |
| | TOTAL | $1268.00 |

| Monthly Expenses | 1237.00 |
|---|---|
| | $ 31.00 |

This Budget does not include clothing allowances or car maintenance."

## DEBTORS' ARGUMENTS

1. That failure to discharge Debtors' student loans would create an undue hardship on Debtors and their dependents because Debtors are on a tight budget and any extra money needed for personal items or recreation will have to come out of food expense.

2. That Debtors' college educations have not benefited them in gaining employment that would provide income to support themselves and pay their student loans.

## CREDITOR'S ARGUMENTS

1. Debtors have not made a good faith effort at repayment and, consequently, their student loans should be nondischargeable.

2. Debtors' Complaint should be dismissed for failure to state a claim because they have failed to show sufficient financial problems to allow the Court to find an undue hardship.

## ISSUES

1. Whether under 11 U.S.C. § 523(a)(8)(B) federally insured student loans can be discharged for undue hardship absent a showing by Debtors of a good faith effort of negotiation of payment with lender regarding hardship deferment or forbearance.

2. Whether repayment of federally insured student loans totaling $3,100.61 at $36.00 per month creates an undue hardship on Debtors and their four dependents when they have a net monthly income of $1,268.00 with a possibility of raises, and monthly expenses of $1,237.00 as shown by Debtors' Exhibit A, leaving a net monthly balance of $31.00.

## CONCLUSIONS OF LAW

The Parties ask this Bankruptcy Court to apply 11 U.S.C. § 523(a)(8)(B) to the facts of this case. This statute provides:

"(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—...
(8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan unless—...
(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;".

## ISSUE—1

Issue No. 1 concerns whether Debtors' federally insured student loans should be discharged for undue hardship absent a showing by Debtors of a good faith effort at negotiation of payment with lender re-

garding hardship deferment or forbearance. The facts are that Debtors have made no effort at repayment nor have they contacted the college concerning repayment.

■ Upon reading 11 U.S.C. § 523(a)(8)(B), it is clear that Congress intended that federally insured student loans be nondischargeable absent a showing of undue hardship. This Bankruptcy Court holds that one of the criteria it will consider in granting a discharge of a federally insured loan under the hardship provision is whether a borrower has made a good faith effort to negotiate deferment or forbearance of payment with a lender. This furthers the intent of Congress that debtors should make every effort to pay student loans. Repayment of student loans replenishes South Dakota's revolving fund for this purpose and, in effect, allows other students to have the same opportunity for financial aid as these Debtors.

## ISSUE—2

■ This Bankruptcy Court holds that repayment of federally insured student loans totaling $3,100.61 at $36.00 per month does not create an undue hardship on Debtors and their four dependents when they have a net monthly income of $1,268.00 with a possibility of raises, and monthly expenses of $1,237.00 as shown by Debtors' Exhibit A, leaving a balance of $31.00.

This Bankruptcy Court considered the following facts in making its decision. First, Debtors did not make an effort to negotiate payment through forbearance or deferment. Second, neither of Debtors or their dependents suffer from a physical disability. Third, both Debtors are gainfully employed. Fourth, both Debtors have the opportunity for raises in their hourly wages. Fifth, within a period of six years, Debtors will not have dependents they have a legal obligation to support. Sixth, Debtors have failed to show why certain items in their monthly expenses are basic necessities of life, i. e., telephone, lawyer, and life insurance. Seventh, Debtors have not shown they won't be able to make payments in the future.

This Bankruptcy Court finds irrelevant Debtors' argument that their educations have not benefited them in gaining employment that would provide income to support themselves and pay their student loans. Debtors' choice to go to college and to quit was voluntary.

## CONCLUSION

1. In order for debtors to get federally insured student loans discharged for undue hardship, they must show a good faith effort of negotiation of payment with lender regarding hardship deferment or forbearance.

2. This Bankruptcy Court will look beyond debtors' monthly budget and consider debtors' employment, medical problems and the lack thereof, needs of dependents, the degree to which debtors' expenses go beyond the necessities of life, and the ability to make payments in the future.

The foregoing shall constitute Findings of Fact and Conclusions of Law of the Court, and Attorney Moen may submit an order consistent herewith.