**In re Geraldine WELLS, Debtor.**

**Geraldine WELLS, Plaintiff,**

**v.**

**PEOPLE OF the State of ILLINOIS, ex rel., ILLINOIS STATE SCHOLARSHIP COMMISSION, Defendant.**

**Bankruptcy No. 80 B 14841.**
**Adv. No. 82 A 1357.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

June 24, 1983.

Robert L. Edwards, Chicago, Ill., for debtor/plaintiff.

Josh Hershman, Chicago, Ill., for State of Ill.

## MEMORANDUM, OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard on the Complaint of the Debtor, GERALDINE WELLS, [Plaintiff] represented by Robert L. Edwards, Attorney at Law, pursuant to Section 523(a)(8) of the Bankruptcy Reform Act of 1978 [Code] to determine the dischargeability of debt, and upon the Answer thereto of the Creditor, PEOPLE OF THE STATE OF ILLINOIS, *ex rel.,* ILLINOIS STATE SCHOLARSHIP COMMISSION, [Defendant] represented by Josh Hershman, Special Assistant Attorney General, and

The Court having examined the pleadings filed in this matter, having received and examined the evidence adduced, having heard testimony and arguments of counsel, having received and examined findings of fact and conclusions of law submitted by the parties in support of their respective positions, and the Court being fully advised in the premises;

The Court Finds:

1. On November 12, 1980, the Plaintiff filed a voluntary petition in Bankruptcy under Chapter 7 of the Bankruptcy Code and listed the Defendant on Schedule A–2 of the petition, as follows:

University of Illinois Loan Incurred 4–17–79
at Circle Campus    $5,573.20 by Note
P. O. Box 4348    Purpose Education
Chicago, Illinois 60680

At the time the petition was filed, November 12, 1980, the Defendant listed her occupation and income in response to Question 2 of the Statement of Affairs as follows:

Ms. Wells

Security Guard

District Security

180 No. Michigan Ave.

Chicago, Illinois

(2 years prior to

filing petition)

$24,000.00

On the Summary of Debts and Property, Defendant listed the sum of $6,173.20 in debts and the sum of $2,500.00 in assets comprised of household goods and an automobile. The first meeting of creditors was held on December 23, 1980, and the last date for filing objections to discharge and complaints to determine dischargeability was extended from January 18, 1981 to March 18, 1981. On March 19, 1981, an order of discharge was entered.

2. On April 14, 1982, Debtor filed the instant complaint to determine dischargeability and on May 14, 1982, the Defendant filed an Answer. In the memorandum in support of the complaint it is alleged that the Plaintiff, GERALDINE WELLS, is entitled to a hardship discharge of the above described student loan, as follows:

1. That the Debtor's present income is only $985.62 a month and her monthly non-discretionary expenses total $1,434.00 giving rise to a monthly deficit of $448.63;

2. That the Debtor is separated from her husband and receives no support payments from him;

3. That the Debtor is solely responsible for the support of her four teenage

daughters and one unemployed son who reside with her;

4. That, accordingly, exception of this $5,573.20 debt from discharge would impose an undue hardship upon the Debtor and the Debtor's dependents.

Wherefore, Debtor respectfully requests that an Order be entered discharging the $5,573.20 debt, and all interest or late charges thereon, to the Illinois State Scholarship Commission, and that said Creditor be permanently enjoined from taking further steps to collect said debt.

3. At the trial held on the complaint to determine dischargeability, testimony was presented showing that the Plaintiff, GERALDINE WELLS, entered into a written agreement for an educational loan with the Illinois Designated Account Purchase Program on April 17, 1979. The amount of the loan was $5,573.20, and the Defendant acquired the instrument by assignment and is now the holder and owner thereof. The Plaintiff obtained the loan to attend the University of Illinois Chicago Circle Campus. Said Plaintiff majored in Corrections, and received a Bachelor's Degree in Criminal Justice from said University. Plaintiff testified that she is employed as a security guard by District Security in Chicago. It was shown that the Plaintiff's net income is $985.62 a month and the monthly non-discretionary expenses for Plaintiff and her five children total approximately $1,440.00. Said children range in age from 11 years to 20 and they are all unemployed. It appears from the Court's file that the Plaintiff has negotiated a repayment plan for other outstanding student loans owed to the Illinois Guaranteed Loan Program and the National Direct Student Loan Program totalling approximately $8,200.00. Said plan requires Plaintiff to pay $10.00 per month.

The Court Concludes and Further Finds:

1. Under Section 523(a)(8) of the Bankruptcy Code debts for student loans are non-dischargeable within five years from the commencement of the repayment period except as follows:

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...;

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non-profit institution of higher education, unless—

.    .    .    .    .

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents ...;

█ 2. In deciding whether a debtor is entitled to a hardship discharge, courts must exercise their equitable discretion and examine each debtor's financial condition. *In re Brock,* 4 B.R. 491, 494 (Bkrtcy.S.D.N.Y.1980). Courts must estimate the rate and amount of future resources reasonably in terms of the debtor's ability to obtain and continue employment, rate of pay that can be expected and total income. The best evidence of a debtor's future earnings is the debtor's current rate of pay. *In re Johnson,* 5 B.C.D. 532, 537 (E.D.Pa.1979). The reliability of the income should be adequate to maintain debtor and any dependents at a minimal or subsistence standard of living. *In re Archie,* 7 B.R. 715, 718 (Bkrtcy.E.D.Va.1980); *In re Johnson,* at 538; *In re Clay,* 12 B.R. 251, 254 (Bkrtcy.N.D.Iowa 1981). Courts should consider whether the debtor has financially benefitted by the education for which the loan was incurred, and whether the employment that debtor obtained required a college education. *Clay,* at 254, 255. Courts must consider whether the debtor has made a good faith effort to repay the governmental unit guaranteeing the loan. *In re Rice,* 13 B.R. 614, 616 (Bkrtcy.S.D.1981).

█ The Plaintiff, GERALDINE WELLS, is separated from her husband and receives no assistance from him to support their five dependent children. The Debtor has trimmed all fat from her budget, yet she experiences a monthly deficit of approximately $450.00. The Debtor attempted to obtain employment that would utilize

her college degree, but she was unsuccessful. Her current employment as a security guard does not require a Bachelor's Degree in Criminal Justice. Plaintiff's financial condition is such that she and her family are already living at poverty level. The fact that Plaintiff is attempting to repay a portion of her student loans is evidence of her good faith. Therefore, the Court finds that exception from discharge of the student loan obligation to the Illinois State Scholarship Commission would impose an undue hardship on this Debtor and her dependents.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the complaint to determine dischargeability of the Debtor, GERALDINE WELLS, filed pursuant to Section 523(a)(8) of the Bankruptcy Code against the Creditor, PEOPLE OF THE STATE OF ILLINOIS, *ex rel.*, ILLINOIS STATE SCHOLARSHIP COMMISSION, be, and the same is, hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the debt of the Plaintiff, GERALDINE WELLS, in the amount of $5,573.20, be, and the same is, hereby discharged.