In the Matter of Geraldine WELLS,
Petitioner-Appellee, Debtor,

v.

PEOPLE OF the State of ILLINOIS, ex rel., ILLINOIS STATE SCHOLARSHIP COMMISSION, Respondent-Appellant, Creditor.

Nos. 83 C 7177, 80 B 14841 and 82 A 1357.

United States District Court, N.D. Illinois, E.D.

Feb. 2, 1984.

Robert L. Edwards, Chicago, Ill., for debtor/plaintiff.

Josh Hershman, Chicago, Ill., for State of Ill.

DECISION

McMILLEN, District Judge.

Plaintiff is a bankrupt, and defendant has filed an appeal from a decision by Bankruptcy Judge Toles dated June 24, 1983, 37 B.R. 684, in which he found that

plaintiff's debt for an educational loan in the amount of $5,573.20 had been discharged. Specifically, Judge Toles found:

Plaintiff's financial condition is such that she and her family are already living at poverty level. The fact that Plaintiff is attempting to repay a portion of her student loans is evidence of her good faith. Therefore, the Court finds that exception from discharge of the student loan obligation to the Illinois State Scholarship Commission would impose an undue hardship on this Debtor and her dependents.

The foregoing conclusion was arrived at after Judge Toles heard the testimony of the plaintiff, and his decision is final unless "clearly erroneous" under Rule of Bankruptcy Procedure 8013. Judge Toles applied 11 U.S.C. § 523(a)(8)(B) which allows discharge of an educational loan if the debt would "impose undue hardship on the debtor and the debtor's dependents." The evidence supports Judge Toles' findings of fact and conclusions of law. They are not clearly erroneous.

Therefore, the defendant's appeal is dismissed with prejudice and the finding of the bankruptcy judge that plaintiff's debt to the defendant is discharged is affirmed.